# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| HENRY KLEYWEG and CLAUDIA KLEYWEG, )<br>       Plaintiffs, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., and BAC HOME )<br>LOANS SERVICING, LP, )<br>       Defendants. ) | CAUSE NO.: 2:14-CV-138-JD-PRC |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's [sic] Rule 37 Motion to Compel [DE 50], filed by Plaintiffs Henry and Claudia Kleyweg on January 18, 2016. Plaintiffs included a certification that they attempted in good faith to resolve the dispute with Defendant Bank of America, N.A. before filing the instant motion. The Motion is fully briefed.

Plaintiffs brought this cause of action against Defendant, alleging damages related to Defendant's handling of Plaintiffs' request for a Home Affordable Mortgage Program (HAMP) modification of their mortgage.

In the Motion to Compel, Plaintiffs ask for an order compelling Defendant to provide Plaintiffs with (1) answers to Numbers 2-12, 15-23, and 26-30 of Plaintiffs' First Set of Interrogatories to Defendants; (2) a privilege log; (3) Plaintiffs' HAMP application and tax returns, (4) documents responsive to a number of document requests in Plaintiffs' First Set of Requests for Production to Defendants (the "Freddie Mac documents")[1], and (5) a declaration of Defendant's

---

[1] These documents are referred to as the Freddie Mac documents because Plaintiffs previously tried to obtain these documents through service of a nonparty subpoena on Freddie Mac. The documents arise from Freddie Mac's role in reviewing Defendant's compliance with the proper procedure for HAMP loans. The documents Plaintiffs seek are:
  (1)    Final exit notes for Fieldwork relating to Bank of America's HAMP Servicer number (or any third party delegated the servicing of Bank of America's loans under HAMP, such as Urban Lending Solutions);
  (2)    Final exit logs;

efforts to obtain responsive documents.

In its Response to the Motion to Compel, Defendant represents that it has already produced Plaintiffs' loan file and the structured database that is the key system of record for loan servicing.

Defendant further represents that the parties have partially resolved the dispute, and that the remaining issues are the production of Freddie Mac documents and the privilege log. In their Reply, Plaintiffs only add the production of their HAMP application and tax returns to the list of issues. Consequently, the Court considers the matter of answers to the Interrogatories resolved and **DENIES as moot** the motion as to the Interrogatories.

Regarding the privilege log, Defendant represents in its Response that the only documents withheld as privileged are the litigation file and work product documents created after litigation began. Attached as an exhibit to the Response is correspondence from Plaintiffs clarifying that Plaintiffs are seeking a privilege log for any of Defendant's internal documents withheld under claim of privilege, not the litigation file. In the Response, Defendant represents that no such documents were withheld, and Plaintiffs do not renew the request for a privilege log in their Reply. The Court considers this matter resolved and **DENIES as moot** the request for an order compelling Defendant to produce a privilege log.

---

(3) Onsite review notes;
(4) Exit interview notes;
(5) Making Home Affordable Compliance—audit reports;
(6) Making Home Affordable Compliance—letters and correspondence to and from Bank of America;
(7) Executive summaries, conclusions, and observations from Bank of America audits;
(8) Making Home Affordable Compliance—second look results summary;
(9) Second look status updates;
(10) HAFA second look review;
(11) On- or off-site review reports;
(12) Observations regarding HAMP NPV implementation; and
(13) HAMP loan verification reviews.

Similarly, Defendant represents that it turned over Plaintiffs' HAMP application and tax returns on February 11, 2016. The Court **DENIES as moot** the request for an order compelling Defendant to produce these documents.

The Court now turns to Plaintiffs' request for an order compelling the production of the Freddie Mac documents and, relatedly, declaration of Defendant's efforts made to locate such documents. Defendant objects and asserts that the production of these documents is disproportional to the needs of the case and that the underlying negligence claim that Plaintiffs use to justify this discovery fails as a matter of law.

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (amended Dec. 1, 2015). A party may seek an order compelling discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). The burden is on the objecting party to show why a particular discovery request is improper.

In support of their request for the Court to compel production of the Freddie Mac documents, Plaintiffs cite to *In re Citimortgage, Inc., Home Affordable Modification Program ("HAMP") Litigation*, No. MDL 11-2274, 2012 WL 10450139 (C.D. Cal. June 7, 2012). The court in *Citimortgage* ordered discovery similar to that requested by Plaintiffs in this action. However, the *Citimortgage* plaintiff was seeking the documents in order to pursue class certification, which provides a significantly different context than that of the instant matter, where Plaintiffs seek the discovery to support their claim of negligent mortgage servicing. Plaintiffs also assert that Freddie Mac documents are routinely turned over in other cases and cites "*Whitmer*" in support, but

Plaintiffs have not provided a full case citation or other means by which the Court can locate that case for consideration in addressing the instant matter.[2]

Plaintiffs argue that they need the Freddie Mac documents to provide evidence in support of their negligent mortgage servicing claim. Plaintiffs assert that these documents will substantiate the HAMP standards and Defendant's failure to comply with them. Defendant clarifies that, regarding HAMP standards, servicing of HAMP loans is governed by the Making Home Affordable (MHA) guidance established by the U.S. Department of the Treasury. Defendant represents that it followed this guidance in servicing Plaintiffs' loan. Defendant further represents that this guidance is in the MHA handbook, three editions of which were turned over to Plaintiffs in discovery.

Further, Defendant represents that Plaintiffs' loan was not subject to any of the random audits performed by Freddie Mac in its Making Home Affordable Compliance (MHA-C) role. Consequently, the documents requested will not contain any MHA-C review of Plaintiffs' loan. That is, if these documents show any failures to comply with the regulations, such failures would only be shown in loans other than Plantiffs' loan. Because the Treasury guidance has been turned over and the Freddie Mac documents will not show any compliance failures in Plaintiffs' loan, the Court finds that the importance of the Freddie Mac documents in resolving the negligent mortgage servicing claim is minimal. Given the volume of documents sought and Defendant's representation that the requests are novel to it, the burden of production of the disputed discovery outweighs its likely benefit and is disproportional.

Defendant also argues that the negligent mortgage servicing claim fails as a matter of law, and, consequently, no discovery should be permitted in pursuit of this claim. The Court notes that

---

[2]Plaintiffs give a docket number of "12-cv-50155" but do not make known which court heard the *Whitmer* matter.

Defendant has not moved to dismiss this claim, and as Plaintiffs correctly point out, the claim remains pending in this litigation.

The Court need not determine at this stage whether Plaintiffs have stated a valid claim of negligent mortgage servicing under Indiana law because, even if the claims are valid, the discovery sought is disproportional and does not fall under the scope of discovery in Federal Rule of Civil Procedure 26(b)(1) and, therefore, the request for an order compelling the Freddie Mac documents is **DENIED**.

However, if Defendant files a dispositive motion regarding the negligent mortgage servicing claim, if that motion extends beyond purely legal argument regarding that claim, and if Plaintiffs need facts from the Freddie Mac documents to oppose that motion, then this ruling does not preclude Plaintiffs from bringing a motion under Federal Rule of Civil Procedure 56(d) and seeking discovery of the Freddie Mac documents under that Rule's standard.

Because the motion to compel the Freddie Mac documents is denied, Plaintiffs' request for a declaration of Defendant's efforts made to retrieve these documents is **DENIED**.

## CONCLUSION

Thus, the Court hereby **DENIES in part** and **DENIES as moot in part** Plaintiff's Rule 37 Motion to Compel [DE 50]. The Motion is denied as to the request for an order compelling Defendant to turn over the Freddie Mac documents and a declaration of Defendant's efforts to retrieve these documents. Defendant does not need to turn over these documents. The Motion is denied as moot as to the request for an order compelling a privilege log, Plaintiffs' HAMP application and tax returns, and answers to interrogatories.

Federal Rule of Civil Procedure 37(a)(5) governs awards of reasonable expenses incurred

5

in bringing or opposing a motion to compel. Here, some of the requested discovery was turned over after the motion was filed, and other parts of the motion are denied. Therefore, any award of reasonable expenses is discretionary with the Court. *See* Fed. R. Civ. P. 37(a)(5)(C). The Court declines to enter an award of reasonable expenses. Plaintiffs and Defendant are to bear their own costs incurred in litigating the instant motion.

  SO ORDERED this 20th day of May, 2016.

              s/ Paul R. Cherry
             MAGISTRATE JUDGE PAUL R. CHERRY
             UNITED STATES MAGISTRATE JUDGE